**FILED**
**AUGUST 22, 2011**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RECEIVED

AUG 17 2011
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

RANDY LIEBICH,
       Plaintiff,

vs.

WARDEN MARCUS HARDY;
WEXFORD HEALTH SOURCES, Inc.;
DR. PARATHASARATHI GHOSH;
DR. LIPING ZHANG:
DR. RONALD SCHAEFER:
DR. JOHN DOE,
       Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

11 C 5624
Judge Robert W. Gettleman
Magistrate Judge Nan R. Nolan

JURY TRIAL DEMANDED

## COMPLAINT

### JURISDICTION

1. This is a civil action to redress the continuing deprivation of rights secured by the Eighth Amendment to the United States Constitution and title 42 of the United States Code, § 1983.

2. This action arises under Title 42 of the United States Code § 1983 and the Court has Jurisdiction of the action under Title 28 of the United States Code, § 1331 and § 1343.

### VENUE

3. All of the events set forth in this complaint occurred during Plaintiff's incarceration in Stateville Correctional Center, State of Illinois. Venue therefore properly lies in the Northern District of Illinois.

## PARTIES

4. Plaintiff, Randy Liebich, is incarcerated by the State of Illinois and held by the Illinois Department of Corrections (I.D.O.C.)

5. Defendant, Hardy, at all times relevant to this complaint, was the Warden/Chief Administrative Officer at Stateville and an employee of I.D.O.C. He is a Final Policy maker and is sued here in his individual and official capacities. At all times relevant Warden Hardy was acting under color of state law and within the scope of his employment with I.D.O.C.

6. Defendant, Wexford, is a Florida Corporation transacting business in Illinois, and is a health care provider for I.D.O.C. Facilities, including Stateville. At all relevant times Wexford was acting under color of state law by and through its lawful agents, including Dr.s Ghosh, Zhang, Schaefer, and Doe.

7. Defendant, Ghosh, at all times relevant to this complaint, was the Medical Director at Stateville and an employee of Wexford. Dr. Ghosh is sued here in his individual and official capacities. At all times relevant, Dr. Ghosh was acting under color of state law and within the scope of his employment with Wexford.

8. Defendant, Zhang, at all times relevant to this complaint, was a privately contracted general practice physician licensed to practice medicine in Illinois, with a place of employment at the HealthCare Unit at Stateville. At all times relevant, Dr. Zhang was acting under color of state law and within the scope of her employment with Wexford. Dr. Zhang is sued in her individual capacity.

2

9. Defendant, Schaefer, at all times relevant to this complaint, was a privately contracted general practice physician licensed to practice medicine in Illinois, with a place of employment at the Health Care Unit at Stateville. At all relevant times, Dr. Schaefer was acting under color of state law and within the scope of his employment with Wexford. Dr. Schaefer is sued in his individual capacity.

10. Defendant, Doe, at all times relevant to this complaint, on information and belief, was a privately contracted general practice physician licensed to practice medicine in Illinois, with a place of employment at the Health Care Unit at Stateville. At all times relevant, Dr. Doe was acting under color of state law and within the scope of his employment with Wexford. He is sued in his individual capacity.

11. Plaintiff has never before been a party to any prior civil actions.


GENERAL ALLEGATIONS

12. Plaintiff began serving his sentence at Stateville in 2005. By September of 2009 Plaintiff began experiencing chronic and severe pain in his abdomen and kidneys.

13. By 11-4-2009 Plaintiff began requesting medical treatment from Stateville medical staff for his pains.

14. From November 2009- present, plaintiff has continuously requested that the Stateville medical staff-Primarily Dr.s Ghosh, Zhang, and Schaefer provide treatment for his medical condition.

15. From November 2009-present, Stateville medical staff

3

has provided only cursory medical treatment. The Defendants consistently refused Plaintiff's requests for medical treatment and referral to a specialist.

16. From November 2009- Present, Plaintiff has made verbal and written requests upon the various Defendants and has filed formal grievances regarding his medical condition, his ongoing pain, and thekfailure to provdde medication prescribed by the specialiststo treat his condition.

17. Defendants have and continue to deliberately deny Plaintiff adequate treatment in that they have failed to conduct further diagnostic testing, timely fefer him to a specialist, provide medication to relieve his pain, and refused to provide the medication prescribed by the urology specialist to treat plaintiffs condition.

18. On 11-4-2009 Plaintiff seen Zhang for his abdominal and kidney pain. Dr. Zhang ordered lab tests and gave Plaintiff a pill called "Donnatal", which provided no relief for Plaintiff's severe pain.

19. On 11-5-2009 Plaintiff's lab test results came back showing multiple abnormal readings.

20. Upon information and belief, these test results are indications of kidney distress.

21. On 11-10-2009 Plaintiff seen Dr. Zhang for abdominal and kidney pain at which time Plaintiff asked Zhang to treat him for his pain. In response to Plaintiff's request for treatment, Zhang pressed on Plaintiff's abdomen and lower back with her fingers and indicated that she doesn't feel anything abnormal so it's not anything serious.

4

22. Plaintiff further requested that Dr. Zhang refer him to a specialist and prescribe him something to relieve his pain. Dr. Zhang refused these requests and instead she ordered another lab test. This lab test also showed multiple abnormal readings.

23. On 12-3-2009 another lab test was taken and this test also showed abnormal readings.

24. Plaintiff submitted numerous medical requests to Dr. Zhang and Ghosh requesting medical treatment for his painful condition. However, all of these requests went unanswered.

25. On or about 4-1-2010 Plaintiff's counselor, Ricky Bishop, informed Plaintiff that he spoke to "someone" at the Health Care Unit who related that Plaintiff had already been seen for this issue several times and was not going to be scheduled for any further appointments regarding this.

26. Plaintiff filed a grievance on 4-2-2010 regarding this comment and the failure to answer his medical requests. Plaintiff requested treatment for his pain.

27. On 4-26-2010 Plaintiff filed another grievance asking for medical treatment for his ongoing pain.

28. On 5-22-2010 Plaintiff seen Dr. Zhang for his Asthma Clinic. Plaintiff informed Zhang that he was experiencing severe migrane headaches and his abdominal and kidney pain was getting worse.

29. Dr. Zhang told Plaintiff she would prescribe "Excedrin Migraine" and that this should also help with his abdominal and kidney pain.

30. At this time Plaintiff also requested that Dr. Zhang refer him to a urology specialist. Zhang responded that it costs too much money to see a specialist, that they can't be sending inmates out for every little thing. Zhang said Plaintiff's condition would have to be "life threatening".

31. By 6-26-2010 a kidney stone developed in Plaintiff's kidney that was so large that it could not pass on it's own. It became lodged in Plaintiff's urethra, completely obstructing urine flow. Plaintiff had not urinated in over 24 hours.

32. At approximately 9:30a.m. Plaintiff was sent to the Health Care Unit at which time Dr.Doe diagnosed him as having an "impacted urinary calculus" (kidney stone) lodged inside the urethra.

33. Rather than sending Plaintiff to the local hospital for emergency treatment, Dr. Doe attempted to surgically remove the stone himself without first providing Plaintiff any form of anesthesia, causing him severe pain.

34. Plaintiff had to repeatedly demand to be provided with anesthesia at which time Dr. Doe decided to make several lidocaine injections into the tip of Plaintiff's penis and inside the urethra.

35. As a result of these injections, Plaintiff now has a permanent puncture hole which pierced straight through to the inside of his urethra causing him to unnaturally urinate in two streams.

36. IN Dr. Does further attempts to extract the stone, Doe inflicted further physical damage by stretching open Plaintiff's urethra with a hemostat, causing a small tear at the opening of the urethra. Doe also punctured Plaintiff with a pair of tweezers. These injuries caused bleeding.

37. At this point, Dr. Doe decided to send Plaintiff out to the emergency room at St. Joseph Hospital, in Joliet. However, Dr. Doe did not arrange for Plaintiff to be transported for emergency medical care for several hours. Plaintiff sat in a "holding cage" from approximately 11:00a.m. to 3:23p.m. during which time plaintiff suffered severe pain and discomfort in his bladder and kidneys due to the tremendous internal pressure from maintaining a full bladder for over 30 hours.

38. Upon information and belief, Dr. Doe delayed Plaintiff's emergency transport because of a policy of Wexford which requires all employees to obtain authorizaton from the Medical Director and/or the Chief Administrative Officer before calling for emergency transport. This policy caused an unneccessary delay in Plaintiff's emergency medical treatment and placed plaintff at risk of kidney damage where his bladder needed to be immediately drained.

39. Upon information and belief, it took Dr. Doe approximately "four hours" to obtain authorization for Plaintiff's transport.

40. Once transported to St. Joseph, a "urologist" determined that Plaintiff would have to be "put to sleep" under anesthesia and the stone would have to be removed using a "laser procedure". The urologist prescribed medication to relieve plaintiff's pain and to prevent infection following the surgical procedure.

41. On 6-28-2010 Plaintiff showed Dr. Ghosh the tear at the tip of the urethra and the injection site below it. Ghosh stated that it will heal quickly and he prescribed Motrin for the pain.

42. On 7-1-2010 Plaintiff filed a grievance regarding the damage inflicted by Dr. Doe and because he was not recieving the medications prescribed by the urologist and Dr. Ghosh.

43. On 7-2-2010 Plaintiff seen Dr. Ghosh for pain in his kidneys and abdomen, irritation in his bladder and continued burning when urinating.

44. Plaintiff informed Ghosh that he was not recieving the Motrin he prescribed or the medication prescribed by the urologist on 6-26-2010. Dr. Ghosh declined to provide any medication for Plaintiff's pain at this visit.

45. At this appointment, Plaintiff also requested that Dr. Ghosh refer Plaintiff for follow-up treatment with the urologist because something was still not right. Dr. Ghosh refused Plaintiff's request and instead ordered a lab test.

46. On 7-6-2010 the lab test results revealed abnormal readings.

47. An attorney named Heather Kirkwood who plaintiff has remained in contact with after reviewing his criminal conviction, has had to make several telephone calls to Stateville regarding his medical issues and not recieving prescribed medications.

48. After Heather Kirkwood's calls, Plaintiff recieved his medication after spending 10 days in pain and at risk for infection.

49. On 7-20-2010 Dr. Ghosh ordered another lab test and this test also produced abnormal results.

50. On 8-10-2010 Plaintiff seen Dr. Schaefer for Asthma Clinic. Plaintiff described his medical condition including Chronic pain, trouble urinating and the injuries caused by Doe.

51. Dr. Schaefer examined Plaintiff where he said Dr. Doe caused injuries. Dr. Schaefer noted the injection site but refused to provide Plaintiff any medical treatmet for his complaints despite Plaintiff's insistance by responding,"We're not going

8

to sit here and waste any more time talking about this, we've discussed it at length and this is not what this appointment was about."

52. On 8-13-2010 Plaintiff filed a grievance against Dr.s Ghosh, Zhang and Schaefer for ignoring and not documenting his medical complaints.

53. On 9-6-2010 Plaintiff sent an "emergency grievance" to Warden Hardy complaining of severe pain in his abdomen, kidney, testicles and bladder, swelling in his abdomen and that he was unable to empty his bladder during urination. Plaintiff informed Hardy that the urine retention is placing him at risk of kidney damage and that the medical staff is denying him treatment for this condition. Plaintiff specifically requested medical care at an outside hospital to diagnose and treat his condition. Hardy denied the grievance, deeming it a nonemergency.

54. On 9-17-2010 Plaintiff seen Ghosh and reported pain in his side that radiates to his abdomen as well as trouble urinating and emptying his bladder during urination. He also informed Ghosh that the kidney stones have returned.

55. Dr. Ghosh allegedly referred Plaintiff for the urology clinic at U.I.C. Hospital in Chicago and the appointment was allegedly approved by Wexford on 9-22-2010. However, this appointment was not followed through.

56. On 9-22-2010 Plaintiff sent another "emergency grievance" to Warden Hardy requesting immediate medical care from an outside hospital. Plaintiff informed Hardy that he was in constant severe pain and could not urinate enough to empty his bladder. Hardy denied the grievance deeming it a non-emergency.

57. By 9-25-2010 Plaintiff could not urinate for 24 hours and was admitted to the Stateville infirmary for 3 days where a catheter had to be installed so Plaintiff's bladder could drain.

58. Plaintiff states that the Defendant's deliberate indifference to his serious medical needs caused him to be placed in disciplinary segregation for six months because he was unable to produce a urine specimen for a drug test on 1-5-2011.

59. On 2-19-2011 Heather Kirkwood wrote a letter to Warden Hardy in which she had expressed her concern for Plaintiff's well being. Coincidentally, Plaintiff was sent to U.I.C. Hospital shortly after this.

60. On or about 3-2-2011, a CAT Scan conducted at U.I.C. revealed that Plaintiff currently has a kidney stone in one of his kidneys.

61. On 5-9-2011 a procedure was conducted at U.I.C. to look inside Plaintiff's urethra and bladder. The urologist diagnosed Plaintiff with a swollen Prostate and prescribed medication to help him urinate and to treat his Prostate condition.

62. The Plaintiff never recieved this medication prescribed by the urologist.

63. Plaintiff made numerous attempts to obtain this medication by informing medical staff, writing 3 letters to the Medical Director and sending another"emergency grievance" to Warden Hardy. Warden Hardy denied the grievance deeming it a non-emergency.

64. At all relevant times, Plaintiff's condition had been obvious and known by the Defendant's, yet, the Defendants have

deliberately denied and/or delayed necessary medical care.

65. At all relevant times, the Defendants have known of Plaintiff's need for the referral to a specialist to treat Plaintiff's medical issues, yet, the Defendants have deliberately denied and/or delayed such medical care.

## EXHAUSTION

66. The Prison Litigation Reform Act, 42 U.S.C. § 1997 (e)(a), Provides that no action be brought by a Prisoner with respect to prison conditions until "such administrative remedies as are available are exhausted."

67. Plaintiff has exhausted all available administrative remedies by repeatedly initiating formal grievances procedures in effort to obtain proper medical treatment. All of Plaintiff's grievances have been improperly denied.

68.Plaintiff's grievances and appeals are attached hereto as exhibits.

## COUNT I
### (42 U.S.C. § 1983-Cruel and Unusual Punishment)
### (Defendant-Hardy)

69. Plaintiff incorporates paragraphs 1 through 68 as paragraph 69 of this Count 1.

70. The Eighth Amendment of the United States Constitution prohibits the Cruel and Unusual Punishment of United States Citizens by the Federal government.

71. Plaintiff's rights under the Eighth Amendment to be free from Cruel and Unusual Punishment by the State of Illinois has been abridged by Warden Hardy's deliberate indifference to Plaintiff's serious medical needs.

72. While in the custody of the State of Illinois, Plaintiff is restrained from caring for him self and Hardy has deliberately and willfully disregarded Plaintiff's complaints that he was not being medically treated for his severe pain and suffering and urinary issues by the medical staff under Hardy's supervision.

73. At all relevant times, Hardy knew of Plaintiff's pain and suffering, knew that Plaintiff suffered from urine retention and the detrimental effects this could have on his kidneys, and knew the medical staff was improperly denying Plaintiff the medical treatment necessary to treat his serious medicla condition.

74. Warden Hardy, at all times relevant to this complaint, was an employee of I.D.O.C. and the Warden/Chief Administrative Officer at Stateville.

75. As Warden of Statville, Hardy had final policy making authority and was responsible for ensuring performance of staff under his supervison as will as ensuring the safety of inmates at Stateville.

76. Warden Hardy showed deliberate indifference to Plaintiff's serious medical needs by:

    (a) willfully disregarding Plaintiff's complaints of pain and suffering.

    (b) Willfully disregarding the substantial risk of harm to Plaintiff's kidneys from the urine retention.

(c) willfully disregarding the Plaintiff's complaints that he was not recieving medical treatment for his serious medical needs.

(d) improperly denying Plaintiff's emergency grievances.

(e) deliberately failing to act in the face of information that should have compelled him to act, by not ensuring that Plaintiff recieved the necessary medical care to treat his serious medical condition.

(f) approving and condoning the denial of medical treatment by medical staff under his supervision.

77. As a direct result of Hardy's deliberate indifference to Plaintiff's serious medical needs, his pain and suffering has needlessly been exacerbated, resulting in physical and emotional damage.

WHEREFORE, Plaintiff prays that the Court:

A. Issue a Preliminary and permanent injunction enjoining Defendant from denying and/or further delaying Plaintiff necessary medical treatment as alleged;

B. Enter judgement against Defendant and in favor of Plaintiff for damages in an amount to be proven at trial;

C. Enter judgement against Defendant for punitive damages;

D. Enter judgement against Defendant and in favor of Plaintiff for costs of prosecuting this action.

E. Order such further relief as it may deem appropriate.

<u>COUNT II</u>
(42 U.S.C. § 1983-Cruel and Unusual Punishment)
(Defendant-Wexford)

78. Plaintiff incorporates paragraphs 1 through 77 as paragraph 78 of this Count II.

79. The Eighth Amendment to the United States Constitution prohibits the Cruel and Unusual Punishment of United States Citizens by the Federal government.

80. Plaintiffs rights under the Eighth Amendment to be free from Cruel and Unusual Punishment have been abridged by Wexford's deliberate indifference to Plaintiff's serious medical needs.

81. While in the custody of the State of Illinois, Plaintiff is restrained from caring for himself and Wexford has deliberately delayed and/or deliberately denied medical care necessary to alleviate obvious severe pain and suffering resulting from plaintiff's kidney stones and urinary issues.

82. At all relevant times, Wexford knew of Plaintiff's need for specialized medical care, knew that failure to timely provide such care would aggravate his medical conditions and injuries, and knew their failure to provide such care would exacerbate severe pain and suffering caused by these medical conditions and injuries. Yet, Wexford deliberately failed to take reasonable steps to ensure Plaintiff recieved the medical care he needed.

14

83. Upon information and belief, Wexford showed deliberate indifference to Plaintiff's serious medical needs by:

(a) deliberately refusing to order additional diagnostic testing despite Plaintiff's lab test results and symptoms.

(b) deliberately refusing to refer and transfer Plaintiff to a specialist who is able to treat Plaintiff's kidney stones and urinary issues.

(c) deliberately disregarding Plaintiff's pain and suffering and his inability to urinate.

(d) deliberately disregarding the potential risk of damage to Plaintiff's kidneys from prolonged urine retention.

(e) deliberately failing to provide necessary and proper pain medication to alleviate Plaintiff's pain and suffering caused by his kidney stones and unresolved urinary issues.

(f) having a policy that caused an unnecessary delay in Plaintiff's emergency medical transport on 6-26-2010.

(g) deliberately interfering with the course of treatment prescribed by the urology specialist by deliberately refusing to provide the medication prescribed by the urologist to treat Plaintiff's medical condition.

(h) deliberately failing to provide more than just cursory medical treatment.

84. As a direct result of Wexford's deliberate indifference to Plaintiff's serious medical needs, his pain and suffering has needlessly been exacerbated resulting in physical and emotional damage.

15

WHEREFORE, Plaintiff prays that the Court:

A. Issue a preliminary and permanent injunction enjoining Wexford and its agents from denying and/or further delaying Plaintiff necessary medical treatment as alleged;

B. Enter judgement against Wexford and in favor of Plaintiff for damages in an amount to be proven at trial;

C. Enter judgement against Wexford for punitive damages;

D. Enter judgement against Wexford and in favor of Plaintiff for costs of prosecuting this action.

E. Order such further relief as it may deem appropriate.


## COUNT III

(42 U.S.C. § 1983-Cruel and Unusual Punishment)

(Defendant-Ghosh)


85. Plaintiff incorporates paragraphs 1 through 84 as paragraph 85 of this count III.

86. The Eighth Amendment of the United States Constitution prohibits the Cruel and Unusual Punishment of United States Citizens by the Federal government.

87. Plaintiff rights under the Eighth Amendment to be free from Cruel and Unusual Punishment by the State of Illinois have been abridged by Dr. Ghosh's deliberate indifference to Plaintiff's serious medical needs.

88. While in the custody of the State of Illinois, Plaintiff

is restrained from caring for himself and Dr. Ghosh has deliberately delayed and/or deliberately denied medical care necessary to alleviate obvious severe pain and suffering resulting from known medical conditions and severe injuries.

89. Dr. Ghosh, at all times relevant to this complaint, was an employee of Wexford and the Medical Director of Stateville.

90. As Medical Director of Stateville, Dr. Ghosh had final policy making authority with regard to Plaintiff's medical treatment and care.

91. Dr. Ghosh caused Plaintiff's constitutional injuries by deliberately failing to take reasonable steps to ensure Plaintiff recieved the medical care he needed.

92. Dr. Ghosh showed deliberate indifference to Plaintiff's serious medical needs by:

(a) deliberately refusing to order additional diagnostic tests despite Plaintiff's lab results and symptoms;

(b) deliberately refusing to refer and transfer Plaintiff to a specialist who is able to treat Plaintiff's kidney stones and urinary issues;

(c) deliberately disregarding Plaintiff's pain and suffering;

(d) deliberately disregarding the potential risk of damage to Plaintiff's kidneys from prolonged urineretention;

(e) deliberately failing to provide necessary and proper pain medication to alleviate Plaintiff's pain and suffering caused by his kidney stones and unresolved urinary issues;

(f) approving, condoning and turning a blind eye to the denial of medical treatment by doctors under his supervison;

(g) deliberately failing to provide more than just cursory medical treatment.

93. As a direct result of Dr. Ghosh's deliberate indifference to Plaintiff's serious medical needs, his pain and suffering has needlessly been exacerbated, resulting in physical and emotional damage.

WHEREFORE, Plaintiff prays that the Court:

A. Issue a preliminary and permanent injunction enjoining the defendant from denying and/or further delaying Plaintiff necessary medical treatment as alleged;

B. Enter a judgement against Defendant and in favor of Plaintiff for damages in an amount to be proven at trial;

C. Enter judgement against Defendant for punitive damages;

D. Enter judgement against Defendant and in favor of Plaintiff for costs of prosecuting this action.

E. Order such further relief as it may deem appropriate.

## COUNT IV

(42 U.S.C. § 1983-Cruel and Unusual Punishment)

(Defendant-Zhang)

94. Plaintiff incorporates paragraphs 1 through 93 as paragraph

94 of this count IV.

95. The Eighth Amendment to the United States Constitution prohibits the Cruel and Unusual Punishment of United States Citizens by the Federal government.

96. Plaintiff's rights under the Eighth Amendment to be free from Cruel and Punishment have been abridged by Dr. Zhang's deliberate indifference to Plaintiff's serious medical needs.

97. While in the custody of the State of Illinois, Plaintiff is restrained from caring for himself and Dr. Zhang has deliberately delayed and/or deliberately denied medical care necessary to alleviate obvious severe pain and suffering.

98. Dr. Zhang, at all times relevant to this complaint, was an employee of Wexford and on the medical staff at Stateville.

99. Dr. Zhang caused Plaintiff's constitutional injuries by deliberately failing to take reasonable steps to ensure Plaintiff recieved the medical care he needed.

100. Dr. Zhang showed deliberate indifference to Plaintiff's serious medical needs by:

(a) deliberately refusing to order additional diagnostic testing despite Plaintiff's lab test results and symptoms;

(b) deliberately refusing to refer Plaintiff to a specialist who is able to treat Plaintiff's medical condition;

(c) deliberately disregarding Plaintiff's pain and suffering;

(d) deliberately failing to provide necessary and proper pain medication to alleviate Plaintiff's pain and suffering;

(e) deliberately failing to provide more than just cursory medical treatment.

101. As a direct result of Dr. Zhang's deliberate indifference to Plaintiff's serious medical needs, his pain and suffering has needlessly been exacerbated, resulting in physical and emotional damage.

WHEREFORE, Plaintiff prays that the Court:

A. Enter judgement against Defendant and in favor of Plaintiff for damages in an amount to be proven at trial;

B. Enter judgement against Defendant for punitive damages;

C. Enter judgement against Defendant and in favor of Plaintiff for costs of prosecuting this action;

D. Order other such relief as it may deem appropriate.

## COUNT V
(42 U.S.C. § 1983-Cruel and Unusual Punishment)
(Defendant-Schaefer)

102. Plaintiff incorporates paragraphs 1 through 101 as paragraph 102 of this count V.

103. The Eighth Amendment to the United States Constitution prohibits the Cruel and Unusual Punishment of United States Citizens by the Federal government.

104. Plaintiff's rights under the Eighth Amendment to be

free from Cruel and Unusual Punishment by the State of Illinois has been abridged by Dr. Schaefer's deliberate indifference to Plaintiff's serious medical need.

105. While in the custody of the State of Illinois, Plaintiff is restrained from caring for himself and Dr. Schaefer has deliberately denied medical care necessary to alleviate Plaintiff's severe pain and suffering, as well as his urinary issues resulting from known medical conditions and severe injuries.

106. Dr. Schaefer, at all times relevant to this complaint was an employee of Wexford and on the medical staff at Stateville.

107. Dr. Schaefer showed deliberate indifference to Plaintiff's serious medical needs by:

(a) deliberately refusing to perform more than a cursory examination.

(b) deliberately refusing to provide medical treatment to Plaintiff regarding his complaints on 8-10-2010.

(c) deliberately disregarding Plaintiff's pain and suffering caused by his unresolved medical condition.

(d) deliberately disregarding the potential risk of damage to Plaintiff's kidneys from prolonged urine retention.

(e) deliberately failing to provide necessary and proper pain medication to alleviate Plaintiff's pain and suffering.

(f) deliberately failing to refer Plaintiff to a specialist who is able to treat Plaintiff's medical condition.

108. As a direct result of Dr. Schaefer's deliberate indifference to Plaintiff's serious medical needs, his pain and suffering

has needlessly been exacerbated, resulting in physical and emotional damage.

WHEREFORE, Plaintiff prays that the Court:

A. Enter a judgement against the Defendant and in favor of Plaintiff for damages in an amount to be proven at trial;

B. Enter judgement against Defendant for punitive damages;

C. Enter a judgement against Defendant and in favor of Plaintiff for costs of prosecuting this action;

D. Order such further relief as it may deem appropriate.

<u>COUNT VI</u>

(42 U.S.C. § 1983-Cruel and Unusual Punishment)

(Defendant-Doe)

109. Plaintiff incorporates paragraphs 1 through 108 as paragraph 109 of this count VI.

110. The Eighth Amendment to the United States Constitution prohibits the Cruel and Unusual Punishment of United States Citizens by the Federal government.

111. Plaintiff's rights under the Eighth Amendment to be free from Cruel and Unusual Punishment by the State of Illinois have been abridged by Dr. Doe's deliberate indifference to Plaintiff's serious medical needs.

112. While in the custody of the State of Illinois, Plaintiff is

is restrained from caring for himself and Dr. Doe has deliberately delayed emergency medical care necessary to alleviate Plaintiff's severe pain and suffering as well as the painful pressure in Plaintiff's bladder.

113. Dr. Doe, at all times relevant to this complaint, was an employee of Wexford and on the medical staff at Stateville.

114. Dr. Doe caused Plaintiff's constitutional injuries by attempting a surgical procedure without the necessary and appropriate medical instruments, in an effort to prevent sending Plaintiff out to the local Hospital to recieve the emergency medical treatment that he needed.

115. Dr. Doe showed deliberate indifference to Plaintiff's serious medical needs by:

(a) deliberately failing to timely transfer Plaintiff for emergency care by a specialist capable of performing the necessary surgical treatment.

(b) deliberatly failing to provide necessary and proper anesthesia to alleviate Plaintiff's pain and suffering before attempting a surgical procedure.

(c) deliberately disregarding the potential risk of damage to Plaintiff's kidneys from prolonged urine retention.

117. As a direct result of Dr. Doe's deliberate indifference to Plaintiff's serious medical needs, his pain and suffering has needlessy been exacerbated and Plaintiff has suffered unnecessary physical and emotional damage.

WHEREFORE, Plaintiff prays that the Court:

A. Enter a judgement against Defendant in favor of Plaintiff damages in an amount to be proven at trial.

B. Enter judgement against Defendant for punitive damages.

C. Enter judgement against Defendant and in favor of Plaintiff for costs of prosecuting this action.

D. Order such further relief as it may deem appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure on all issues, so triable.

Respectfully submitted on this _3/_ day of July, 2011.

/s/ _Randy Liebich_

Randy Liebich
#R34940
Stateville Correctional Ctr.
P.O. BOX 112
Joliet, Illinois 60434

## VERIFICATION

Pursuant to 28 U.S.C. § 1746, I declare and verify under Penalty of Perjury under the laws of the United States of America that the foregoing is true and correct. Executed on July _3/_ , 2011.

/s/ _Randy Liebich_

Randy Liebich

SUBSCRIBED AND SWORN TO BEFORE ME

this _3_ day of _August_ , 2011.

_Tyneer N. Butler-W_

NOTARY PUBLIC
My Commission Expires_____

OFFICIAL SEAL
TYNEER N. BUTLER-WINTERS
Notary Public - State of Illinois
My Commission Expires Jan 20, 2015