IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RANDY LIEBICH, | ) | |
| | ) | |
| Plaintiff, | ) | No. 11 C 5624 |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| WARDEN MARCUS HARDY; ALBERT J. | ) | |
| KISSELL; N. JACKSON; JOHNNIE L. | ) | |
| FRANKLIN; CHARLES P. FREDERICK; | ) | |
| ILLINOIS DEPARTMENT OF | ) | |
| CORRECTIONS; WEXFORD HEALTH | ) | |
| SOURCES, Inc.; PARATHASARATHI GHOSH, | ) | |
| M.D.; LIPING ZHANG, M.D.; RONALD | ) | |
| SCHAEFER, M.D.; SALEH OBAISI, M.D., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Randy Liebich filed a fifteen-count third amended complaint ("TAC") against all defendants. Wexford Health Sources, Inc. ("Wexford"), Parathasarathi Ghosh, M.D., Liping Zhang, M.D., Ronald Schaefer, M.D., and Saleh Obaisi, M.D. (collectively, the "Wexford defendants") have filed a motion to dismiss state law Counts XII (Willful and Wanton Misconduct), XIII (Negligence), XIV (Intentional Infliction of Emotional Distress), and XV (Respondeat Superior) of the TAC.

The Wexford defendants contend that Counts XII, XIII, and XIV[1] should be dismissed because plaintiff has failed to include an affidavit of a qualified healthcare professional to support his claims, as required by Illinois Healing Art Malpractice Act, 735 ILCS § 5/2-622

---

[1]The Wexford defendants initially argued that Count XIII alone should be dismissed for failure to include a Section 622 affidavit, but added the other counts in its reply brief. Introducing arguments in one's reply brief is improper; however, because the court finds that an affidavit must be submitted for Count XIII, and plaintiff has not requested an opportunity to respond to the reply brief, , the court will consider these additional counts.

("Section 622"). Section 622 provides that a plaintiff filing a complaint that seeks damages "by reason of medical, hospital, or other healing art malpractice" must attach a certificate of merit from a qualified, licensed physician who has reviewed the case and affirmed that "there is a reasonable and meritorious cause for the filing." Id. Plaintiff argues that Section 622 affidavits are not required in federal court and should not be required in the instant case because plaintiff has not asserted a medical malpractice claim.

Although the Seventh Circuit has not definitely ruled on whether Section 622 applies to state claims filed in federal court, this court and other courts in this district have held that it does. See Ortiz v. United States, 13 C 7626, 2014 WL 642426 (N.D. Ill. Feb. 19, 2014); see also Warren ex rel. Warren v. Dart, 2010 WL 4883923 (N.D.Ill. Nov. 24, 2010) (conducting a thorough Erie analysis and determining that Section 622 is a substantive rule that applies in federal court). The court therefore reaffirms that Section 622 is applicable in federal court.

Plaintiff next argues that his complaint does not assert a medical malpractice claim. Although a complaint may not state a medical malpractice claim on its face, it "may nonetheless come within the ambit of [Section 622] if it sounds in malpractice." Warren, 2010 WL 4883923 at *11 (citing Bommersbach v. Ruiz, 461 F.Supp.2d 743, 748–49 (S.D.Ill. 2006)). In determining whether a complaint sounds in malpractice, the court may consider: "whether the applicable standard of care involved procedures not within the grasp of the ordinary lay juror; (2) whether the activity alleged was inherently one involving medical judgment; and (3) the type of evidence necessary to establish plaintiffs' claim." Id. (citing Bommersbach, 461 F.Supp.2d at 749). In the instant case, the Wexford defendants are all physicians and would be held to a standard of care that "applies distinctively medical knowledge or principles" not within the grasp

2

of the ordinary lay juror. Id. at *12 (citing Woodard v. Krans, 234 Ill.App.3d 690, 175 Ill.Dec. 546, 600 N.E.2d 477, 488 (Ill.App.2d Dist.1992)). Additionally, their decisions regarding whether and how to treat plaintiff necessarily involve medical judgments. Finally, plaintiff will likely have to introduce technical medical evidence to explain how plaintiff was treated and the other potential options for care that defendants did not pursue. Because plaintiff did not include a Section 622 affidavit to support these claims, the court dismisses Counts XII, XIII, and XIV without prejudice. See McCastle v. Mitchell B. Sheinkop, M.D., Ltd., 121 Ill.2d 188, 117 Ill.Dec. 132, 520 N.E.2d 293, 296 (Ill.1988) (ruling that failure to comply with the § 5/2–622 does not require dismissal with prejudice).

The Wexford defendants also argue that Count XV should be dismissed because plaintiff's cause of action accrued by September 25, 2010, at the latest, and this count was first alleged three years later in the TAC, which was filed on September 16, 2013. Because there is a two year statute of limitations for personal injury actions in Illinois, 735 ILCS § 5/13-202, the Wexford defendants claim that this count was not timely filed. Plaintiff argues that this count relates back to the allegations contained in the first complaint, filed on August 22, 2011, and is therefore timely.

Federal Rule of Civil Procedure 15(c)(1) provides that "[a]n amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading[.]" Although the Wexford defendants argue that plaintiff has set forth an entirely new theory of liability, such an amendment may still properly relate back to the initial pleading. According to the Seventh Circuit, "the same substantive legal theory need not

3

be alleged in both complaints; rather the claims need only arise out of the same conduct, transaction or occurrence." Donnelly v. Yellow Freight Sys., Inc., 874 F.2d 402, 410 (7th Cir. 1989) aff'd, 494 U.S. 820, 110 S. Ct. 1566, 108 L. Ed. 2d 834 (1990) (internal quotations omitted). Plaintiff's respondeat superior claim arises out of the same conduct, transaction or occurrence alleged in the timely-filed original complaint, and therefore properly relates back.

In their reply brief, the Wexford defendants also note that a private corporation cannot be held liable in a § 1983 claim under respondeat superior liability, and cite Iskander v. Vill. of Forest Park, 690 F.2d 126, 128 (7th Cir. 1982), in support of this argument. The court notes that the Seventh Circuit recently called the holding of Iskander into question in Shields v. Illinois Dep't of Corr., 12-2746, 2014 WL 949950, at *11 (7th Cir. Mar. 12, 2014), stating that "a new approach may be needed for whether corporations should be insulated from respondeat superior liability under § 1983." The Seventh Circuit, however, declined to overrule Iskander because the plaintiff in that case did not request that the court do so and the parties did not brief the issue. Under Shields, the prevailing circuit law "still extends Monell from municipalities to private corporations." Id. Accordingly, plaintiff must allege "that his injury was caused by a Wexford policy, custom, or practice of deliberate indifference to medical needs, or a series of bad acts that together raise the inference of such a policy." Id. Because Count XV and the other allegations of the complaint that it incorporates raise a theory of a policy, practice, or custom on the part of Wexford, Count XV is sufficiently alleges liability. This is consistent with this court's previous ruling regarding Wexford's potential liability under Section 1983 (Doc. 119). The Wexford defendants' request to dismiss Count XV is therefore denied.

4

For the foregoing reasons, the court grants the Wexford defendants' motion to dismiss Count XII, XIII, and XIV without prejudice. The court denies the Wexford defendants' motion to dismiss Count XV. Plaintiff is given leave to file a fourth amended complaint consistent with this opinion on or before April 30, 2014. Defendants' answer shall be filed on or before May 21, 2014. This matter is set for a report on status May 28, 2014, at 9:00 a.m.

**ENTER:** **April 10, 2014**

_____
**Robert W. Gettleman**
**United States District Judge**

.