# EXHIBIT A

## 735 ILCS 5/2-622 Attorney's Affidavit

I, Vincenzo Field, being first duly sworn on oath, depose and state:

1. I am the attorney for Plaintiff Randy Liebich.

2. I have consulted with a medical doctor whom I reasonably believe is familiar with the relevant issues involved in this particular action, has practiced in the same area of healthcare and medicine that is at issue in this action for more than six years, and is qualified by his experience to render opinions in the subject area of this case.

3. The reviewing healthcare provider has determined, after a review of the medical records of Randy Liebich and other relevant materials involved in this action, that there is a reasonable and meritorious cause for the filing of said action against Dr. Liping Zhang.

4. I have reason to believe that the reviewing doctor is knowledgeable as to the appropriate standards of care in cases like Mr. Liebich's.

Further affiant sayeth not.

By: _____

Subscribed to and sworn before me on ___7/7/2014___.

Notary Public: _____

OFFICIAL SEAL
LAUREN ANNE STANCZAK
Notary Public, State of Illinois
My Commission Expires
November 8, 2015

**Report Prepared Pursuant to Illinois Revised Statutes 35 ILCS 5/2-622**

I am a physician licensed to practice medicine in all of its branches by the State of Illinois and am board-certified and currently practicing in the field of urology. I actively practice urologic medicine at UroPartners, a private urology practice in Gurnee and Libertyville, Illinois, as well as at the Chicago Center for Urologic Reconstruction, and the Department of Urology at Loyola University Medical Center. I am also engaged in the instruction of medical students and residents in urology as an Associate Clinical Professor in the Department of Urology at Loyola University.

I have reviewed the following records pertaining to Mr. Randy Liebich: 1) medical records (including relevant lab reports) from Stateville Correctional Center (09/02/2009-09/25/2010); and 2) medical records from Provena St. Jospeph Medical Center (06/26/2010-06/27/2010). Based on my review of these materials, in conjunction with my education, training, experience, and background, it is my opinion, which I hold to a reasonable degree of medical certainty, that a reasonable and meritorious cause of action exists against Dr. Liping Zhang.

The reasons for my determination are as follows: On November 4, 2009 Mr. Liebich was seen by Dr. Zhang at the Stateville Correctional Center Health Care Unit ("Stateville HCU"). During that visit Mr. Liebich complained to Dr. Zhang of pain in his abdomen radiating to the area of his kidneys. Dr. Zhang ordered lab tests for Mr. Liebich but did not provide any further treatment related to his abdominal pain. Based on his lab result, showing an elevated creatinine level, a further medical workup should have ensued looking for kidney stones. This work up could have included a renal ultrasound or an abdominal CT scan. Neither was ordered and as a result there was a significant delay in diagnosis resulting in recurrent severe abdominal pain for the next six or seven months. Furthermore, several medications were prescribed to Mr. Liebich which are contraindicated for patients with renal insufficiency as was shown by his elevated creatinine. This includes Lisinopril, which was ordered by Dr. Zhang on May 22, 2010.

It is my opinion, based on a reasonable degree of medical certainty, and a review of the aforementioned records, that Dr. Zhang deviated from the accepted standards of care by failing to attempt to diagnose and treat Mr. Liebich for his abdominal and kidney pain in a timely fashion. Dr. Zhang also deviated from the accepted standards of care by prescribing medications that would exacerbate Mr. Liebich's renal insufficiency.

My opinions are subject to modification based upon the review of any additional materials.

## 735 ILCS 5/2-622 Attorney's Affidavit

I, Vincenzo Field, being first duly sworn on oath, depose and state:

1. I am the attorney for Plaintiff Randy Liebich.

2. I have consulted with a medical doctor whom I reasonably believe is familiar with the relevant issues involved in this particular action, has practiced in the same area of healthcare and medicine that is at issue in this action for more than six years, and is qualified by his experience to render opinions in the subject area of this case.

3. The reviewing healthcare provider has determined, after a review of the medical records of Randy Liebich and other relevant materials involved in this action, that there is a reasonable and meritorious cause for the filing of said action against Dr. Saleh Obaisi.

4. I have reason to believe that the reviewing doctor is knowledgeable as to the appropriate standards of care in cases like Mr. Liebich's.

Further affiant sayeth not.

By: _____

Subscribed to and sworn before me on ___7/7/2014___.

Notary Public: _____

OFFICIAL SEAL
LAUREN ANNE STANCZAK
Notary Public, State of Illinois
My Commission Expires
November 8, 2015

**Report Prepared Pursuant to Illinois Revised Statutes 35 ILCS 5/2-622**

I am a physician licensed to practice medicine in all of its branches by the State of Illinois and am board-certified and currently practicing in the field of urology. I actively practice urologic medicine at UroPartners, a private urology practice in Gurnee and Libertyville, Illinois, as well as at the Chicago Center for Urologic Reconstruction, and the Department of Urology at Loyola University Medical Center. I am also engaged in the instruction of medical students and residents in urology as an Associate Clinical Professor in the Department of Urology at Loyola University.

I have reviewed the following records pertaining to Mr. Randy Liebich: 1) medical records (including relevant lab reports) from Stateville Correctional Center (09/02/2009-09/25/2010); and 2) medical records from Provena St. Jospeh Medical Center (06/26/2010-06/27/2010). Based on my review of these materials, in conjunction with my education, training, experience, and background, it is my opinion, which I hold to a reasonable degree of medical certainty, that a reasonable and meritorious cause of action exists against Dr. Saleh Obaisi.

The reasons for my determination are as follows: On June 26, 2010, after months of complaining about increasing pain in his abdomen radiating to his kidneys, and after at least two lab tests that demonstrated that Mr. Liebich had elevated blood-urea-nitrogen and creatinine levels, Mr. Liebich was sent to the Stateville Correctional Center Health Care Unit ("Stateville HCU") after going more than twenty-four hours without urinating. At the Stateville HCU, Mr. Liebich was diagnosed by Dr. Obaisi as having an impacted urinary calculus lodged in the urethra. Dr. Obaisi then attempted to remove the calculus using a hemostat and a pair of tweezers. Mr. Liebich was not provided with any manner of anesthesia or other form of pain killer at that time. Dr. Obaisi made several unsuccessful attempts to remove the calculus in this manner. This procedure caused Mr. Liebich a great deal of pain and urethral discomfort. Dr. Obaisi then injected Mr. Liebich's penis with lidocaine and made several additional unsuccessful attempts to remove the calculus with a hemostat and tweezers, causing additional pain and urethral discomfort, as well as bleeding. After multiple and repeated unsuccessful attempts to remove the calculus – Mr. Liebich's medical records indicate that Dr. Obaisi spent approximately 1.5 hours attempting to remove the calculus in the manner described above - Dr. Obaisi finally decided to send Mr. Liebich to Provena St. Joseph Hospital for the emergent removal of the calculus. Mr. Liebich, still experiencing severe pain and discomfort, was not transferred to St. Joseph Hospital for several hours. Once at St. Joseph Hospital, Mr. Liebich required general anesthesia, a cystoscopy, and laser removal of the calculus.

It is my opinion, based on a reasonable degree of medical certainty, and a review of the aforementioned records, that Dr. Obaisi deviated from the accepted standards of care by attempting to remove the urinary calculus using a hemostat and tweezers, over a 1.5 hour period, without adequate anesthesia and/or analgesia. Additionally, what analgesia was given (Toradol), is contraindicated in patients with renal dysfunction and may have exacerbated his renal insufficiency.

My opinions are subject to modification based upon the review of any additional materials.

## 735 ILCS 5/2-622 Attorney's Affidavit

I, Vincenzo Field, being first duly sworn on oath, depose and state:

1. I am the attorney for Plaintiff Randy Liebich.

2. I have consulted with a medical doctor whom I reasonably believe is familiar with the relevant issues involved in this particular action, has practiced in the same area of healthcare and medicine that is at issue in this action for more than six years, and is qualified by his experience to render opinions in the subject area of this case.

3. The reviewing healthcare provider has determined, after a review of the medical records of Randy Liebich and other relevant materials involved in this action, that there is a reasonable and meritorious cause for the filing of said action against Dr. Ronald Schaefer.

4. I have reason to believe that the reviewing doctor is knowledgeable as to the appropriate standards of care in cases like Mr. Liebich's.

Further affiant sayeth not.

By: _____

Subscribed to and sworn before me on 7/7/2014.

Notary Public: _____

OFFICIAL SEAL
LAUREN ANNE STANCZAK
Notary Public, State of Illinois
My Commission Expires
November 8, 2015

**Report Prepared Pursuant to Illinois Revised Statutes 35 ILCS 5/2-622**

   I am a physician licensed to practice medicine in all of its branches by the State of Illinois and am board-certified and currently practicing in the field of urology. I actively practice urologic medicine at UroPartners, a private urology practice in Gurnee and Libertyville, Illinois, as well as at the Chicago Center for Urologic Reconstruction, and the Department of Urology at Loyola University Medical Center. I am also engaged in the instruction of medical students and residents in urology as an Associate Clinical Professor in the Department of Urology at Loyola University.

   I have reviewed the following records pertaining to Mr. Randy Liebich: 1) medical records (including relevant lab reports) from Stateville Correctional Center (09/02/2009-09/25/2010); and 2) medical records from Provena St. Jospeh Medical Center (06/26/2010-06/27/2010). Based on my review of these materials, in conjunction with my education, training, experience, and background, it is my opinion, which I hold to a reasonable degree of medical certainty, that a reasonable and meritorious cause of action exists against Dr. Ronald Schaefer.

   The reasons for my determination are as follows: On August 10, 2010 Mr. Liebich was seen by Dr. Schaefer as part of an asthma clinic at the Stateville Correctional Center Health Care Unit ("Stateville HCU"). During that visit, Mr. Liebich complained to Dr. Schaefer of chronic and intense pain in his abdomen radiating to the area of his kidneys. Mr. Liebich also reported to Dr. Schaefer that he was having trouble urinating, including difficulty emptying his bladder and an inability at times to urinate at all. Dr. Schaefer failed to assess how well Mr. Liebich was emptying his bladder, which could have easily been determined by an abdominal ultrasound. Because Mr. Liebich's condition was not adequately assessed, he was not given appropriate treatment, which culminated in an episode of urinary retention on September 25, 2010. This delay in diagnosis resulted in recurrent abdominal pain, difficulty urinating, and increased emotional distress for the patient. After this episode of urinary retention on September 25, 2010, no prescription for Tamsulosin Hydrochloride (Flomax) was started which could have alleviated many or most of Mr. Liebich's symptoms. Dr. Schaefer also prescribed Mr. Liebich Lisinopril in August of 2010 in spite of Mr. Liebich's known renal insufficiency, possibly exacerbating his renal dysfunction.

   It is my opinion, based on a reasonable degree of medical certainty, and a review of the aforementioned records, that Dr. Schaefer deviated from the accepted standards of care by failing to attempt to diagnose and treat Mr. Liebich for his abdominal and kidney pain, as well as his difficulty urinating, particularly considering Mr. Liebich's medical history. Dr. Schaefer also deviated from the accepted standards of care by prescribing medications that would exacerbate Mr. Liebich's renal insufficiency.

   My opinions are subject to modification based upon the review of any additional materials.

## 735 ILCS 5/2-622 Attorney's Affidavit

I, Vincenzo Field, being first duly sworn on oath, depose and state:

1. I am the attorney for Plaintiff Randy Liebich.

2. I have consulted with a medical doctor whom I reasonably believe is familiar with the relevant issues involved in this particular action, has practiced in the same area of healthcare and medicine that is at issue in this action for more than six years, and is qualified by his experience to render opinions in the subject area of this case.

3. The reviewing healthcare provider has determined, after a review of the medical records of Randy Liebich and other relevant materials involved in this action, that there is a reasonable and meritorious cause for the filing of said action against Dr. Parathasarathi Ghosh.

4. I have reason to believe that the reviewing doctor is knowledgeable as to the appropriate standards of care in cases like Mr. Liebich's.

Further affiant sayeth not.

By: _[signature]_

Subscribed to and sworn before me on 7/7/2014.

Notary Public: _[signature]_

OFFICIAL SEAL
LAUREN ANNE STANCZAK
Notary Public, State of Illinois
My Commission Expires
November 8, 2015

**Report Prepared Pursuant to Illinois Revised Statutes 35 ILCS 5/2-622**

I am a physician licensed to practice medicine in all of its branches by the State of Illinois and am board-certified and currently practicing in the field of urology. I actively practice urologic medicine at UroPartners, a private urology practice in Gurnee and Libertyville, Illinois, as well as at the Chicago Center for Urologic Reconstruction, and the Department of Urology at Loyola University Medical Center. I am also engaged in the instruction of medical students and residents in urology as an Associate Clinical Professor in the Department of Urology at Loyola University.

I have reviewed the following records pertaining to Mr. Randy Liebich: 1) medical records (including relevant lab reports) from Stateville Correctional Center (09/02/2009-09/25/2010); and 2) medical records from Provena St. Jospeh Medical Center (06/26/2010-06/27/2010). Based on my review of these materials, in conjunction with my education, training, experience, and background, it is my opinion, which I hold to a reasonable degree of medical certainty, that a reasonable and meritorious cause of action exists against Dr. Parathasarathi Ghosh.

The reasons for my determination are as follows:

Mr. Liebich was seen by Dr. Zhang in the Stateville Correctional Center Health Care Unit ("Stateville HCU") in November, 2009. At that time, Mr. Liebich complained of abdominal pain and was noted to have an elevated creatinine level, indicative of renal dysfunction. Shortly thereafter, on December 22, 2009, Mr. Liebich was prescribed Lisinopril, an anti-hypertension medication contraindicated in patients with an elevated creatinine, by Dr. Ghosh (Mr. Liebich was also prescribed Motrin on December 2, 2009, which is also contraindicated in patients with an elevated creatinine). Additionally, on January 6, 2010 Mr. Liebich was seen by a physician's assistant complaining of 7 out of 10 pain of the lower abdomen radiating to his back. At that time, a mistaken diagnosis of Dyspepsia was made and no effort was made to assess for kidney stones or for the source of the renal dysfunction by either a CT scan or by renal ultrasound. This resulted in a delay of diagnosis and in pain and suffering to Mr. Liebich for the next six months.

Dr. Ghosh, as Medical Director, also failed to provide an appropriate level of supervision for the physicians working under him, who also failed to meet the accepted standards of care in their treatment (or failure to treat) Mr. Liebich. For example:

On November 4, 2009 Mr. Liebich was seen by Dr. Zhang at the Stateville Correctional Center Health Care Unit ("Stateville HCU"). During that visit Mr. Liebich complained to Dr. Zhang of pain in his abdomen radiating to the area of his kidneys. Dr. Zhang ordered lab tests for Mr. Liebich but did not provide any further treatment related to his abdominal pain. Based on his lab result, showing an elevated creatinine level, a further medical workup should have ensued looking for kidney stones. This work up could have included a renal ultrasound or an abdominal CT scan. Neither was ordered and as a result there was a significant delay in diagnosis resulting in recurrent severe abdominal pain for the next six or seven months. Furthermore, several medications were prescribed to Mr. Liebich which are contraindicated for

patients with renal insufficiency as was shown by his elevated creatinine. This includes Lisinopril, which was ordered by Dr. Zhang on May 22, 2010.

On June 26, 2010, after months of complaining about increasing pain in his abdomen radiating to his kidneys, and after at least two lab tests that demonstrated that Mr. Liebich had elevated blood-urea-nitrogen and creatinine levels, Mr. Liebich was sent to the Stateville Correctional Center Health Care Unit ("Stateville HCU") after going more than twenty-four hours without urinating. At the Stateville HCU, Mr. Liebich was diagnosed by Dr. Obaisi as having an impacted urinary calculus lodged in the urethra. Dr. Obaisi then attempted to remove the calculus using a hemostat and a pair of tweezers. Mr. Liebich was not provided with any manner of anesthesia or other form of pain killer at that time. Dr. Obaisi made several unsuccessful attempts to remove the calculus in this manner. This procedure caused Mr. Liebich a great deal of pain and urethral discomfort. Dr. Obaisi then injected Mr. Liebich's penis with lidocaine and made several additional unsuccessful attempts to remove the calculus with a hemostat and tweezers, causing additional pain and urethral discomfort, as well as bleeding. After multiple and repeated unsuccessful attempts to remove the calculus – Mr. Liebich's medical records indicate that Dr. Obaisi spent approximately 1.5 hours attempting to remove the calculus in the manner described above - Dr. Obaisi finally decided to send Mr. Liebich to Provena St. Joseph Hospital for the emergent removal of the calculus. Mr. Liebich, still experiencing severe pain and discomfort, was not transferred to St. Joseph Hospital for several hours. Once at St. Joseph Hospital, Mr. Liebich required general anesthesia, a cystoscopy, and laser removal of the calculus.

On June 28, 2010 Mr. Liebich was seen at the Stateville HCU by Dr. Ghosh. At this time, Mr. Liebich complained of continued pain caused by the failed attempted removal of the calculus by Dr. Obaisi. Dr. Ghosh prescribed Mr. Liebich with Excedrin, however Mr. Liebich did not receive his first dose of Excedrin until ten days later. Lab results from July 6, 2010 and July 20, 2010 indicated that Mr. Liebich had abnormal BUN, creatinine, and albumin levels. Dr. Ghosh did not follow-up on these lab results.

On August 10, 2010 Mr. Liebich was seen by Dr. Schaefer as part of an asthma clinic at the Stateville Correctional Center Health Care Unit ("Stateville HCU"). During that visit, Mr. Liebich complained to Dr. Schaefer of chronic and intense pain in his abdomen radiating to the area of his kidneys. Mr. Liebich also reported to Dr. Schaefer that he was having trouble urinating, including difficulty emptying his bladder and an inability at times to urinate at all. Dr. Schaefer failed to assess how well Mr. Liebich was emptying his bladder, which could have easily been determined by an abdominal ultrasound. Because Mr. Liebich's condition was not adequately assessed, he was not given appropriate treatment, which culminated in an episode of urinary retention on September 25, 2010. This delay in diagnosis resulted in recurrent abdominal pain, difficulty urinating, and increased emotional distress for the patient. After this episode of urinary retention on September 25, 2010, no prescription for Tamsulosin Hydrochloride (Flomax) was started which could have alleviated many or most of Mr. Liebich's symptoms. Dr. Schaefer also prescribed Mr. Liebich Lisinopril in August of 2010 in spite of Mr. Liebich's known renal insufficiency, possibly exacerbating his renal dysfunction.

On September 25, 2010 Mr. Liebich had to be admitted to the infirmary at the Stateville HCU so that he could have his bladder irrigated through catheterization. This procedure was done after Mr. Liebich had not urinated for more than twenty-four hours. Mr. Liebich's medical records indicate that on September 27, 2010 Mr. Liebich was approved to be sent to the GU Clinic at UIC. Dr. Ghosh did not follow-up on this referral and there is no indication that Mr. Liebich was transferred to the GU Clinic. Nor did Dr. Ghosh prescribe Mr. Liebich with Flomax which could have alleviated many or most of Mr. Liebich's symptoms.

It is my opinion, based on a reasonable degree of medical certainty, and a review of the aforementioned records, that Dr. Ghosh deviated from the accepted standards of care by failing to diagnose and/or treat Mr. Liebich, or, in the alternative, by failing to make sure that the medical staff working under his supervision properly diagnosed and treated Mr. Liebich. Dr. Ghosh also deviated from the accepted standards of care by prescribing medications that would exacerbate Mr. Liebich's renal insufficiency.

My opinions are subject to modification based upon the review of any additional materials.